JUDGMENT: Reversed and remanded
 OPINION
Appellant, the State of Ohio, appeals the decision of the Lancaster Municipal Court granting Appellee Michael Dent's motion to suppress in an action against appellee for possession of drug paraphernalia and marihuana. On February 20, 1999, Ohio State Highway Patrolman Archie Spradlin was on duty near the intersection of Winchester Road and U.S. Route 33 in Carroll, Ohio. He observed appellee's 1995 Nissan Altima go through a red light at the intersection. Patrolman Spradlin immediately effectuated a traffic stop without incident just west of the site of the violation. He then exited his cruiser and approached appellee's Nissan on the passenger side, due to the presence of traffic on Winchester Road. After appellee rolled down his passenger side window, Spradlin detected a "pretty strong" odor of burnt marihuana from inside the Nissan, and noticed that appellee's eyes were bloodshot and that appellee was in a "giggly" mood. Journal Entry, August 3, 1999, at 1. Spradlin advised appellee that he had failed to observe the traffic device. Appellee admitted to running the red light and indicated that he had forgotten to put on his seat belt. Spradlin then asked appellee if he had been smoking marihuana, or if he had been around anyone else smoking marihuana that day. Appellee replied in the negative to both questions. Spradlin added that he could smell marihuana, and again asked appellee if he had been smoking any. This time, appellee admitted to smoking marihuana approximately fifteen to twenty minutes before the traffic stop. Spradlin asked appellee if there was any marihuana in the car, at which time appellee opened the center console and handed him a small bag containing what appellee then identified as marihuana. The patrolman proceeded to read appellee his Miranda rights and directed him out of the Nissan. Appellee responded to another question regarding paraphernalia and weapons by telling Spradlin that there was a drug pipe under the driver seat, which Spradlin then recovered. The state charged appellee with possession of drug paraphernalia, a fourth-degree misdemeanor, and possession of marihuana, a minor misdemeanor. Following arraignment, appellee filed a motion to suppress on April 23, 1999. Following a suppression hearing on May 28, 1999, the trial judge ruled in favor of appellee, stating that "there was no physical evidence of drug paraphernalia or marijuana present to substantiate a search of the vehicle based on smell. Further, once the defendant denied consumption or possession, further detention and questioning concerning these issues without the reading of Miranda warnings was inappropriate." Journal Entry, August 3, 1999, at 2-3. The state timely filed a notice of appeal and herein raises the following three assignments of error:
 I THE TRIAL COURT ERRED IN RULING THAT BEFORE A LAW ENFORCEMENT OFFICER TRAINED IN THE DETECTION OF THE ODOR OF MARIJUANA CAN QUESTION DEFENDANT ABOUT A "PRETTY STRONG" MARIJUANA SMELL EMANATING FROM WITHIN DEFENDANT'S VEHICLE, HE MUST FIRST ADVISE THE DRIVER AND SOLE OCCUPANT OF THE AUTOMOBILE OF HIS MIRANDA RIGHTS EVEN THOUGH THE OFFICER HAS NOT YET VIEWED ANY TANGIBLE EVIDENCE CORROBORATING HIS SUSPICION THAT CONTRABAND IS PRESENT IN THE VEHICLE.
 II THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES WAS VIOLATED WHEN THE ARRESTING OFFICER OBSERVED DEFENDANT FAILING TO STOP AT A RED LIGHT, A "PRETTY STRONG" ODOR OF BURNED MARIJUANA EMANATING FROM INSIDE DEFENDANTS VEHICLE, THAT DEFENDANT'S EYES WERE BLOODSHOT, AND THAT DEFENDANT WAS IN A "GIGGLY" MOOD, EVEN THOUGH THE OFFICER WAS TRAINED IN THE DETECTION OF THE ODOR OF MARIJUANA AND THE OFFICER'S INVESTIGATION AS TO WHETHER DRUG CONTRABAND WAS PRESENT IN THE VEHICLE WAS LIMITED IN DURATION AND THE DEFENDANT HAD NOT YET BEEN GIVEN HIS CITATIONS FOR THE ORIGINAL OFFENSES FOR WHICH DEFENDANT HAD BEEN STOPPED.
 III THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES WAS VIOLATED WHEN THE SEARCH WAS CONDUCTED AFTER THE OFFICER OBSERVED BAD DRIVING, AND THE DEFENDANT ADMITTED TO RECENTLY SMOKING MARIJUANA AND PRESENTLY POSSESSING CONTRABAND IN HIS VEHICLE.
Standard of Review
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; and Guysinger, supra. As a general rule, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Ornelas v. United States (1996), 517 U.S. 690. In the case sub judice, the issue on appeal is whether the trial court correctly decided the ultimate issue raised in appellee's motion to suppress. Therefore, we must independently determine whether the facts of this case warranted a search of appellee's vehicle.
 I, II, III
We will address appellant's assignments of error together, as all three concern whether the trial court properly granted appellee's motion to suppress. Appellant essentially challenges the trial court's conclusion that the smell of burnt marijuana, in a situation where the driver has bloodshot eyes and presents a "giggly" demeanor, is insufficient to justify the police officer's search of the passenger compartment of an automobile. Appellant further challenges the trial court's holding that the officer was required to give appellee a Miranda warning upon appellee's initial denial of consumption or possession of marijuana under these facts. We recently considered the "marihuana odor" issue in a similar context in State v. Moore (Sept. 1, 1999), Fairfield App. No. 99 CA 24, unreported. In that case, a highway patrol sergeant effectuated a traffic stop upon observing the appellee, Christopher Moore, violate a red light at a high rate of speed. Id. at 1. Upon detecting a strong odor of burnt marihuana coming from the passenger compartment, the sergeant asked Moore to exit the vehicle, and then conducted a personal search of Moore. Id. The sergeant thereby discovered drug paraphernalia on Moore's person, and proceeded to search the vehicle, at which time he discovered a burnt marihuana cigarette in the ash tray. Id. Upon the state's appeal of the trial court's judgment entry sustaining Moore's motion to suppress the results of the search, we carefully distinguished the facts from the situation we had analyzed in State v. Jones (Aug. 3, 1998), Ashland App. No. 97-COA-01240, unreported, another case involving the marihuana odor issue. First, we noted that the trooper in Jones had improperly extended his search to the trunk of the automobile based on a smell of marihuana in the passenger compartment. Moore at 3. Secondly, we cited an extensive portion of the Moore transcript wherein the sergeant testified as to his training and experience in the detection of marihuana. Id. We therefore concluded: Based on his training and experience, Sergeant Greene decided to search the passenger compartment of appellee's vehicle. We find the strong odor of burnt marihuana that Sergeant Greene smelled, prior to his search of appellee's vehicle, would lead a reasonable person to believe there was evidence of a crime in the place to be searched. Indeed, Sergeant Greene discovered marihuana, in the passenger compartment of appellee's vehicle, where he smelled marihuana emanating from as he approached appellee's vehicle.
Courts of this state judicially recognize and routinely permit law enforcement officials to rely on their senses in establishing probable cause for a warrantless search, i.e. plain view doctrine, plain feel doctrine. We find no reason why a trained and experienced officer, in the detection of marihuana, should be prohibited from relying on his or her sense of smell as it pertains to the establishment of probable cause for a warrantless search of a motor vehicle. Id. at 4.
The transcript in the case sub judice reveals that Patrolman Spradlin likewise testified to his training and experience in the detection of the presence of marihuana: Q. Okay. And, uh, could you discuss what kind of training you've had as a trooper?
A. I've had, uh, six months extension training at the Highway Patrol Academy and several times each year I've been sent to, uh, various schools on drug interdiction and, uh, in-service type of, uh, schooling.
Q. Have any of your trainings covered the detection of the odor of marihuana?
A. Yes, it has.
Q. And can you indicate on the record what those training courses were and what they entailed?
A. Uh, they were, uh, criminal patrol and drug interdiction, uh, course, which I've taken at the patrol, uh, at least, uh, four times, uh, since I've been with the patrol, which are, uh, identifying what, uh, marihuana looks like, uh, uh, identifying what marihuana smells like.
Q. And how was the smell aspect covered?
A. The smell aspect was, uh, an instructor would burn, uh, marihuana and you would smell what, uh, marihuana smelled like.
Q. Okay. Can you describe the smell, sir?
A. It smells like marihuana.
Q. Okay. Uh, have you ever known anything else to smell like the odor of marihuana?
A. No, I have not.
Q. Um, have you had any actual experience on the job with regards to, uh, making traffic stops and observing the odor of marihuana?
A. Uh, yes, I have. Um, not specifically, but at least, uh, 50 cases involving marihuana.
Q. And can you indicate out of those 50 how many times you actually, uh, located, marihuana?
A. Every time.
T. at 4-5.
We are further persuaded by the holding of the Second District Court of Appeals in State v. Myers (1990), 63 Ohio App.3d 765: * * * [I]f circumstances attending an otherwise proper stop should give rise to a reasonable suspicion of some other illegal activity, different from the suspected illegal activity that triggered the stop, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues, even if the officer is satisfied that the suspicion that justified the stop initially has dissipated. Id. at 771.
Finally, in Berkemer v. McCarty (1984), 468 U.S. 420, 440-442, the United States Supreme Court held that the roadside questioning of a driver detained pursuant to a routine traffic stop does not constitute "custodial interrogation" for purposes of the Miranda rule. Therefore, we hold that the marihuana odor, especially in connection with appellee's bloodshot eyes and "giggly" behavior, would have given Patrolman Spradlin grounds to continue his line of questioning, following the traffic stop, regarding appellee's recent use or possession of marihuana. Appellant's contention that the trial court erred in suppressing the fruits of the resulting search is well-taken. Appellant's Assignments of Error I, II III are sustained.
For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.